EMPIRE TRUST COMPANY, as Trustee under Mortgage Dated as of the 1st Day of July, 1923, Executed by PARK-LEXINGTON CORPORATION, Respondent, *v.* PARK-LEXINGTON CORPORATION and Others, Defendants, Impleaded with ANAHMA REALTY CORPORATION, Appellant, and KARL H. BEHR and Others, as a Committee for the Protection of the Holders of First Mortgage Leasehold Six and One-half Per Cent Sinking Fund Gold Bonds of PARK-LEXINGTON CORPORATION and Another, Respondents.

First Department, December 31, 1934.

*Frank C. Laughlin* of counsel [*George F. Thompson, James P. Ronaghan* and *Warner F. Thompson* with him on the brief; *Thompson, Smith & Thompson*, attorneys], for the appellant.

*Charles Green Smith* of counsel [*Stuart McNamara* with him on the brief; *McNamara & Seymour*, attorneys], for the Empire Trust Company, as trustee, respondent.

*Robert LeRoy* of counsel [*Cadwalader, Wickersham & Taft*, attorneys], for the defendants, respondents, Karl H. Behr and others, as a committee.

*Max M. Hirson* of counsel [*Max L. Rothenberg* with him on the brief], *Max M. Hirson*, guardian *ad litem*.

MARTIN, J. The Special Term, pursuant to rule 113 of the Rules of Civil Practice, struck out the answer of the appellant Anahma Realty Corporation, the owner of the second mortgage upon a leasehold; and granted the motion of plaintiff for summary judgment.

The appellant claims a right to priority of lien, superior to the first mortgage, as a result of a ground rent adjustment agreement made between the lessor, the lessee-mortgagor and assented to by plaintiff, first mortgagee, at the request of the lessee and the protective committee of bondholders under plaintiff's mortgage. The demand for relief is based on the fact that the rental agreement was made in bad faith, without authority and in fraud of defendant's rights.

The mortgage under foreclosure was given to plaintiff by the defendant Park-Lexington Corporation July 1, 1923, and is upon a leasehold of the premises located between Forty-sixth and Forty-seventh streets and Lexington and Park avenues in the city of New York.

The Park-Lexington Corporation holds its lease by assignment from Merchants and Manufacturers Exchange of New York, lessee of New York State Realty and Terminal Company, which in turn is lessee of the New York Central Railroad Company. The plaintiff's mortgage, originally for $5,500,000, is now $4,468,500, with interest. Bonds to that amount were issued and are now outstanding. The second mortgage of the Anahma Realty Corporation is for $2,000,000, with interest.

The mortgaged lease, the initial term of which runs to May 15, 1943, provided for a readjustment of ground rent for the period

after June 1, 1932. A rental agreement dated July 7, 1932, adjusting the ground rental from June 1, 1932, was made between the lessor and lessee and was assented to by plaintiff. The Anahma Realty Corporation's answer challenged the validity of the rental agreement and asserted its right to priority of lien, ahead of the first mortgage, because the ground rent was readjusted by that agreement instead of by arbitration, which Anahma Realty Corporation contends was an exclusive method of readjustment. That is the sole question here for consideration.

When that question was raised by the answer of the Anahma Realty Corporation, the plaintiff brought in as additional parties defendant the lessor, New York State Realty and Terminal Company, the bondholders protective committee, which holds seventy-two per cent of the outstanding bonds, and such other individual bondholders as are known, in order to obtain a comprehensive and binding adjudication.

All defendants are in default of pleading, except the Anahma Corporation, Karl H. Behr and others constituting the bondholders protective committee, which joins plaintiff in its prayer for relief, and Alex Rose, designated by the court to receive service on behalf of unknown defendants who may be infants or incompetents, whose answer denied that the rental agreement was in violation of the lease or prejudicial to the Anahma Realty Corporation. During the litigation Rose died and Max M. Hirson was substituted in his place.

The lease in question contained provisions for additional ground rental from June 1, 1932, and the lessee gave due notice of dissent therefrom. Instead of arbitrating their differences the lessor and the lessee entered into the rental agreement of July 7, 1932, which fixed the amount of additional ground rental to be paid subsequent to June 1, 1932, far below the amount named in the lessee's notice. It is said that the agreement took cognizance of the business depression, and provided for a graduated addition of ground rent and for a partial moratorium, with long deferred payments of great advantage to the lessee.

The appellant Anahma Realty Corporation does not oppose the foreclosure — it merely asks priority of lien in the principal amount of its second mortgage of $2,000,000, with interest from August 1, 1931. In substance, Anahma Realty Corporation alleges that its mortgage is in default; that the ground rent for the period of the lease after June 1, 1932, could not be increased except by notice of increase by the lessor, and failure of the lessee to dissent therefrom, or by appraisal and arbitration, in case of dissent by the lessee; that the rental agreement was made without its knowledge or consent; that the value of the land did not justify an increase of ground rent; that the rental agreement and plaintiff's

assent thereto have impaired Anahma Realty Corporation's security by more than $2,000,000 and have prevented it from protecting its second mortgage, and have destroyed its equity, and that it is, therefore, entitled to have its lien subrogated to the first lien.

The appellant argues that the question of good faith in making the arrangement for the additional rent should be litigated and may not be disposed of in the perfunctory manner here followed by the parties to the agreement.

Paragraph " fifteenth " of the lease outlines the method to be used in determining the readjustment of the value of the ground as of June 1, 1932. It provides that the rent be fixed at a sum which should be three per cent of the value of the easterly parcel considered as unimproved; that if the lessor should be of the opinion that the ground rental upon the aforesaid basis should be more than the minimum of $40,000 prescribed by the lease, then the lessor should send notice to the lessee of the sum of the annual ground rental it deemed proper; and if the lessee should within twenty days after such notice notify the lessor that it deemed the sum so named unsatisfactory, then the value of the easterly parcel considered as unimproved should be determined by three arbitrators, who should be sworn to perform their duties with impartiality and fidelity and who should proceed with all reasonable dispatch to appraise the full and fair value of the easterly parcel considered as unimproved; that the value so fixed should be binding and conclusive upon the parties as the true value for the purpose of fixing the annual ground rental.

Pursuant to said provisions contained in the lease, the lessor on December 28, 1931, served notice upon the lessee that in its opinion the annual ground rental for the easterly parcel should be the sum of $40,000, plus $160,000, making the total of $200,000.

On January 8, 1932, the lessee Park-Lexington Corporation served notice upon lessor that the annual sum above set forth was unsatisfactory to the lessee, and further claimed that no annual sum should be added to the minimum and also demanded that the amount of the annual sum, if any, to be added to the minimum, should be determined as provided by paragraph " fifteenth " of the lease.

On May 3, 1932, about four months after the lessee had signified its dissent to any increase in rent, the trustee under the first mortgage brought an action to foreclose the mortgage.

On July 7, 1932, about two months after the lessee had defaulted in answering in the foreclosure action the lessee and lessor, without the knowledge or consent of Anahma Realty Corporation, raised the rental, not by determining the value of the ground considered

as unimproved by arbitration, as provided in the lease, or by any other method approved of by appellant, but by a modification agreement. The rental was raised thereby from the minimum of $40,000 to the average sum of $109,545.45 per year in unequal annual payments.

The appellant contends that it is apparent that the lessee being faced with a foreclosure sale of its leasehold at the time of the execution of the agreement, had for all practical purposes lost its interest in the leasehold; that this is the obvious reason for the lessee reversing its position previously taken on January 8, 1932, when it resisted any increase in the annual rental and demanded arbitration of the value of the ground. At that time the lessee in its notice of dissent stated that there should be no increase in rental, although the terms of the lease only required the lessee to notify the lessor that the sum named by it was unsatisfactory.

It is contended that the modification agreement of July 7, 1932, increased the value of the leasehold in favor of the landlord in the sum of $2,318,183.18, and decreased the second mortgagee's equity therein in a like sum. The said agreement, made after the foreclosure action was commenced, effected only a fictitious increase in the value of the leasehold to the landlord; but the resultant increase of rental of $69,545.45, capitalized at three per cent (the rate of interest specified in the lease), while it seemed to add the sum of $2,318,183.18 to the value of the lease, actually decreased its value to the lessee and to its mortgagee by this stated sum.

The amount of the mortgage of the defendant Anahma Realty Corporation upon the leasehold was $2,000,000, plus interest to December 1, 1932, of $213,333.33. The agreement of the parties, therefore, increasing the rental after the commencement of the foreclosure action, if it were permitted to stand, would, by impairing the value of the leasehold in an amount greater than the total amount of the second mortgage held by the Anahma Realty Corporation, totally destroy the value of such security.

In opposition to the plaintiff's motion for summary judgment there were submitted the affidavits of August Heckscher and J. Wallace Page, real estate experts. They both state that at the time the agreement of July 7, 1932, was executed, the value of the easterly parcel considered as unimproved did not exceed the sum of $1,250,000. Accordingly this value did not justify an annual rental burden at three per cent in excess of $40,000, the minimum specified in the lease.

The appellant says that when the defendant Anahma Realty Corporation took its second mortgage upon the leasehold and parted with $2,000,000 it relied upon the terms and covenants

in the lease defining the method by which rentals after June 1, 1932, should be fixed and determined upon the easterly parcel of the leasehold. By the provisions of the lease as originally executed and pledged, during the first ten years an annual equal rental of $40,000 was to be paid and during the next eleven years an annual rental of possibly a higher amount was required. The modification of July 7, 1932, however, altered these provisions and substituted therefor provisions for unequal graduated payments from 1932 to 1943 so that each year the rental burden became greater until in 1942 the rent for the easterly parcel would be $120,000.

The appellant contends that this represents a ruinous change in the method of payment of rent under the lease and vitally affects the mortgagee's security since a progressive annual increase in rental payments causes a corresponding annual decrease in the mortgagee's equity of redemption. It is argued that the change is also invalid because it substitutes new rental provisions not based upon three per cent of the value of the ground as of June 1, 1932, as required by the lease.

In *Hoffmann Brewing Co.* v. *Wuttge* (234 N. Y. 469) the Court of Appeals said: " If the lessor and lessee had entered into any new arrangement not a part of the lease and the surrender by the tenant was either in bad faith or under such new arrangement or contrary to the provisions of the lease then in such case a mortgage on the leasehold would not be affected or cut off."

While the lease contains no express provision with reference thereto, the appellant contends that its terms disclose the intention of the parties that appraisal by arbitration of the full and fair value of the ground considered as unimproved should be had during the period between the service of the notice of dissent by the lessee and the 1st day of June, 1932, when payments of increased rental, if any, were to be begun, and that if no revaluation had been made at that time then the rental for the ensuing term must be the minimum specified in the lease.

The lessor was given a period of almost five months in which to secure an appraisal by arbitration and was also given the privilege to appoint both arbitrators in the event the lessee failed to appoint one. Therefore, when the lessor failed to use the method provided for in the lease to secure appraisal by arbitration, it evidently considered the value of the ground taken as unimproved not to be such as to sustain an increase in the annual rental payments; and upon the failure of the lessor to proceed to secure a revaluation on or before June 1, 1932, all rights or privileges to increase the rent by appraisal, agreement or any other method must be deemed to be forever lost and waived.

The construction placed upon the lease by the lessor when it gave notice that the rent would be increased, and by the tenant when it dissented, clearly shows that they understood the real purpose of the agreement, and that it was necessary to give notice that the rent was to be increased and to obtain the consent thereto of the defendant Anahma Realty Corporation, as indicated by paragraph " fifth " of the agreement of July 7, 1932, which reads as follows: " That the lessee shall secure such approval of this agreement and of the modification of the lease provided for herein as may be required, from the mortgagees under the mortgages securing the leasehold bonds of the lessee." Assuming, however, that the lease by its terms did not require notice to the second mortgagee of increase of rental in the event of a *bona fide* agreement for such increase, the absence of such a term in the lease would not validate an increase of the rental, with or without notice, for the purpose of wiping out the security of the second mortgagee against its consent.

In *Diamond* v. *Tau Holding Corp.* (131 Misc. 446) the court properly held that a senior mortgagee may not prejudice the rights of a junior one, or impair the security of the latter without his privity or consent; and, therefore, a change in a lease cannot be made if thereby the security of a second mortgagee be impaired.

The terms of the lease here involved appear to have been disregarded in that the method used by the lessor, lessee and trustee in increasing the rental was not in conformity with the lease. The rent should be fixed upon the basis of a full and fair appraisal of the value of the easterly parcel considered as unimproved. It is indicated, at least, that the method of fixing the rental here adopted was calculated to destroy the value of the second mortgage and eventually extinguish all interest therein. The importance of the questions here involved has made it necessary to recite the facts in detail. The appellant is entitled to present these facts on a trial and test the good faith of the parties to this entire transaction, and to show, if it be true, that the value of its mortgage was unlawfully impaired.

The answer of the appellant pleads a good defense, and the order of the Special Term striking out said answer should be reversed, with twenty dollars costs and disbursements, and plaintiff's motion for summary judgment denied, with ten dollars costs.

FINCH, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and plaintiff's motion for summary judgment denied, with ten dollars costs.