HOME OWNERS' LOAN CORPORATION, Plaintiff, *v.* HENRY P. WOOD and Others, Defendants.

Supreme Court, Special Term, Queens County, December 17, 1938.

*Michael Hertzoff*, for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Randolf J. Hernandez, Assistant Corporation Counsel*, of counsel], for the defendant City of New York.

FROESSEL, J. Motion for summary judgment, etc., in a foreclosure action. The only answering defendant is the city of New York. In its answer it interposes various denials which are clearly insufficient to raise triable issues. The papers before me actually present for disposition but one question. Plaintiff claims that certain water charges, covering a period from 1931 to 1934, and aggregating $110.87 and interest, were entered against the mortgaged premises *subsequent* to the recording, on February 5, 1934, of the mortgage sought to be foreclosed, and in consequence thereof. these charges are subordinate to the lien of its mortgage. The city contends that it duly levied the water charges in accordance with law and that, pursuant to section 415 (1)–17.0, of the Administrative Code of the City of New York (formerly section 476 of the Greater New York Charter), these charges became due and payable when entered, namely, on April 15, 1938; and that under section

415 (1)–7.0 of said Code (formerly section 1017 of said charter), such charges " shall be preferred in payment to all other charges." The city also contends that the principle of estoppel does not apply to it, for the reason that its books clearly disclosed the fact that no charges for water for the period in question had yet been made prior to the mortgage, and had the plaintiff or its agent, a recognized title company thoroughly familiar with the city's tax records, been prudent or diligent when making this search, it was bound to have noticed that such water charges would in due course be made, since the mortgaged premises were improved, and were in fact consuming water. What was said concerning a purchaser of land in *Cambridge Valley Bank* v. *Delano* (48 N. Y. 326, 336) applies with equal force to the mortgagee: " The principle of equity is well established that a purchaser of land is chargeable with notice, by implication, of every fact affecting the title, which would be discovered by an examination of the deeds or other muniment of title of his vendor, and of every fact, as to which the purchaser with reasonable prudence or diligence, ought to become acquainted. If there is sufficient contained in any deed or record which a prudent purchaser ought to examine, to induce an inquiry in the mind of an intelligent person, he is chargeable with knowledge or notice of the facts so contained." Had the city's records shown that some water charge upon the mortgaged premises *had been paid* for the period in question, a different situation would have been presented, as found in such cases as *Weil* v. *City of New York* (179 App. Div. 80). In my opinion the law is clear, estoppel does not lie in this case as against the city, and the lien of the water charges is superior to the lien of this mortgage.

Inasmuch as this is the only question presented on this application, and no triable issues are in any wise raised, I will grant the plaintiff's motion for summary judgment, as well as for the other relief prayed for; the judgment, however, shall contain appropriate provisions with regard to the water charges in question, in accordance with this opinion. Submit judgment on notice, together with affidavit of regularity, etc.