ROSE ADLER, Appellant, v. ATLAS BRICK CORPORATION and GREYHOUND HOLD-ING COMPANY, INC., Respondents.— These are two appeals; one from a decree of the Supreme Court, Columbia county, adjudging title to certain property is in the claimant and not in the appellant; and the other from an order of the Supreme Court, Columbia county, opening the default of the judgment debtor and permitting it to serve and file an answer. This proceeding was instituted by the judgment debtor, appellant, under section 696 of the Civil Practice Act, to obtain title to certain chattels. The appellant seeks to sustain the execution of a levy made by the sheriff upon the chattels on October 11, 1937, upon a judgment obtained on October 9, 1937. The chattels have been sold and the money necessary to cover the judgment creditor's claim has been deposited with the county treasurer of Columbia county. The Atlas Brick Corporation, judgment debtor, owned real estate and personal property situated thereon, in Columbia county, suitable to carry on a large brick making business. Two mortgages were executed upon the property, both real and personal, one for $16,000 and one for $10,000. These mortgages covered all of the chattels as well as the real estate and were duly recorded in the office of the clerk of the county of Columbia. Later on a third mortgage was given for $50,000, covering both real and personal property, and a chattel mortgage was given the same day covering the chattels. The real estate mortgage was recorded in the Columbia county clerk's office. The chattel mortgage was not filed in New York, the principal place of business of the mortgagor. These mortgages were consolidated by a consolidation agreement and all rights contained in any of them were to apply to all of them. Later on a default occurred and the claimant-respondent, who had become the owner of all the mortgages through their nominee, seized the personal property and advertised it for sale. The judgment creditor levied upon the chattels under its judgment obtained on October 9, 1937. The seizure by the claimant-respondent was previous to the rendering of the judgment in favor of the judgment creditor. The sale of the mortgaged property was restrained and later on it was agreed that the sale should proceed and that the necessary money, over $16,000, was to be deposited with the county treasurer to await the trial and determination in this proceeding. The claimant-respondent cannot succeed under its chattel mortgage because of failure to file it as required by the Lien Law but its title to the chattels in question and to the money in the county treasurer's hands is good because of the chattels covered in the real estate mortgages which were duly recorded as required by law and, therefore, the decree should be affirmed, with costs. On appeal number 2, on the opening of the default and permitting an answer to be filed there is a charge of lack of consideration and collusion and an examination of the evidence in the record indicates some proof of an understanding or collusive agreement between the officers of the corporation, by which the judgment creditor's judgment was obtained and the trial judge properly exercised his discretion in opening the default and permitting the answer.

Decree and order unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.