ANNA C. THONEMANN, Individually and as Administratrix, etc., of HENRY THONEMANN, Deceased, Respondent, *v.* LENA STEIN and Others, Defendants, Impleaded with ANNA M. KING, Appellant.

Third Department, March 6, 1940.

*Ellsworth Baker*, for the appellant.

*Watts, Oakes & Bright* [*John Bright* of counsel], for the respondent.

SCHENCK, J.    This is an appeal by Anna M. King from a judgment entered in the Sullivan county clerk's office after a trial by the court without a jury in an action brought to reform and foreclose a mortgage against premises upon which the appellant also has a mortgage of record.    There is no dispute as to the facts and the only issue to be decided is whether or not the mortgage directed to be foreclosed is a lien upon lot No. 8, located on a map of property in Woodridge, Sullivan county.    The trial justice in the reformation action corrected the description contained in a mortgage given by Lena Stein, one of the defendants herein, to Henry Thonemann and Anna C. Thonemann, on lot No. 10 so as to specify and describe lot No. 8 of said map instead of lot No. 10.

Some time prior to February 4, 1922, the plaintiff-respondent, Anna C. Thonemann, and Henry Thonemann, her husband, since deceased, entered into negotiations with one Adam Rampe with reference to a mortgage loan upon premises owned by Lena Stein, at Woodridge. At that place Rampe showed to plaintiff-respondent and her husband a two-story frame dwelling house located on Highland avenue and pointed out that this was the property upon which the loan was to be made. Thereafter, on February 4, 1922, the owner, Lena Stein, executed a bond and mortgage to secure the sum of $3,300, covering a lot designated and described as lot No. 10. It was subsequently discovered that lot No. 10 was a vacant lot and that the building shown to plaintiff-respondent and her husband was erected upon lot No. 8. At the time of the execution of the mortgage, Mrs. Stein was not the owner of lot No. 8, but acquired title thereto on December 8, 1922, and on April 2, 1925, she conveyed both lot No. 8 and lot No. 10 to Harris Joseph, Inc., by deed recorded April 9, 1925, which deed contained the following clause: " The premises are conveyed by the party of the first part subject to the following encumbrances: Subject to a first mortgage in the sum of Thirty-three hundred ($3300.00) dollars, bearing interest at six (6%) per cent, which is to expire on the 4th day of February, 1927. The said mortgage is now recorded as covering lot No. 10. It is distinctly understood that Lot No. 8 conveyed herein is purchased subject to the said mortgage of Thirty-three hundred ($3300.00) dollars bearing interest at the rate of six (6%) per cent per annum. Subject to any state of facts that an accurate survey may show. Not rendering title unmarketable. It is understood and agreed between the parties hereto that in the event, Jennie Steinberg the owner of lot No. 12, next adjoining to lot No. 10 owned by party of first part herein, shall request the party of the second part or his or its successors in interest for a deed of the said lot No. 10 in exchange for lot No. 12, that the party of the second part, or its successors shall be obliged to exchange deeds with the said Jennie Steinberg, her heirs or legal representatives, without demanding any compensation or remuneration for such exchange, provided such demand is made within one year from April 1st, 1925, it being understood that mortgage of $3,300, on Lot No. 10 is to be transferred to cover lot No. 8, without expense to party of 2nd part, and without liability on bond of party of second part."

Harris Joseph, Inc., conveyed lots Nos. 8 and 10 to Gussie Simowitz by deed dated June 15, 1925, and recorded June 19, 1925, which deed also contained substantially the above-quoted clause. Lot No. 8 was subsequently conveyed by Gussie Simowitz to Jennie

Josephson by deed dated July 23, 1926. This deed did not contain the clause heretofore referred to. At the time of this conveyance, Jennie Josephson gave a purchase-money mortgage to Gussie Simowitz, grantor, in the sum of $5,500, which mortgage was thereupon assigned to the defendant-appellant, Anna M. King.

The learned trial justice held that the mortgage to the plaintiff-respondent given by Lena Stein and her husband on February 4, 1922, is a lien upon lot No. 8, which would make the mortgage held by Mrs. King, defendant-appellant, subordinate thereto, and granted judgment reforming and correcting the bond and mortgage held by plaintiff-respondent so that the same would be a lien upon and incumber lot No. 8, and also granted judgment of foreclosure and sale.

The finding of the trial justice was proper. The mortgage loan had been solicited by Rampe, the agent of the mortgagor, Lena Stein, who pointed out to the mortgagees, plaintiff-respondent and her husband, a two-story dwelling house and stated that was the property to be mortgaged. It was clearly the intention of the parties that the said mortgage should cover and become a lien upon the dwelling house and the lot upon which it stood, and not upon an adjoining lot. That a mistake occurred is best indicated by the action of Lena Stein. She attempted to correct a mistake in the identity of the property by obtaining title to lot No. 8, and providing in her deed to Harris Joseph, Inc., that the conveyance was subject to the $3,300 mortgage and wanted it " distinctly understood that Lot No. 8 conveyed herein is purchased subject to said mortgage of Thirty-three hundred ($3300.00) dollars." These deeds and mortgages are matters of record and that the appellant is bound by the record may not be disputed. The recital in the deed from Lena Stein was notice to Harris Joseph, Inc., and to all other persons, for it is a well-settled rule of construction that the recording " is notice of the mortgage to all subsequent purchasers and mortgagees, and they are chargeable with all the consequences of such notice." (*Brinckerhoff* v. *Lansing*, 4 Johns. Ch. 65, 70.) The record constituted explicit notice to all successors in interest of Lena Stein and certainly the defendant-appellant falls within that class.

The finding of the trial court is amply sustained by the evidence, and the judgment should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed.