(May 16, 1940.)

THE NATIONAL SAVINGS BANK OF THE CITY OF ALBANY, Plaintiff, v. ETHELBERTA D. HOLT, nee DIEVENDORF, EDYTHE M. DIEVENDORF, HOME OWNERS' LOAN CORPORATION, MARGUERITE A. PERKINS, Defendants.— Submission of controversy. Judgment granted in favor of the plaintiff, without costs. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.

NATHAN RUBIN, Appellant, Respondent, v. DAIRYMEN'S LEAGUE CO-OPERATIVE ASSOCIATION, INC., Respondent, Appellant.— Motion by defendant for leave to appeal to the Court of Appeals granted. [See ante, p. 23, p. 857 and p. 940.] The court certifies that the following questions of law have arisen which in its opinion ought to be reviewed by the Court of Appeals: 1. Is there evidence in the record to sustain the finding that the contract set forth in Question No. 1 as certified for the plaintiff, was entered into? 2. If there is evidence in the record to sustain such a finding, is the contract legal and enforceable? Present — Hill, P. J., Crapser, Bliss and Heffernan, JJ.

(May 22, 1940.)

ANNA C. THONEMANN, Individually and as Administratrix, etc., of HENRY THONEMANN, Deceased, Respondent, v. LENA STEIN and Others, Defendants, and ANNA M. KING, Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Crapser, Heffernan and Schenck, JJ.

In the Matter of the Judicial Settlement of the Account of FRANK L. WINDSOR, as Administrator, etc., of ANNA M. SWEENEY, Deceased. ELIZABETH L. SWEENEY and Others, Appellants; ELIZABETH G. BAILEY, Respondent.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of WALTER PERDZIAK, Claimant, for Benefits under Article 18 of the Labor Law. OVEN KING BAKERY COMPANY, Appellant; FRIEDA S. MILLER, as Industrial Commissioner of the State of New York, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, dated October 13, 1939, noticed October 20, 1939, which affirmed a decision of the Unemployment Insurance Referee, dated June 26, 1939, and noticed June 27, 1939, holding that the claimant was an employee of the appellant within the meaning of the Unemployment Insurance Law, and awarding him benefits under that law based upon his earnings with the appellant. Appellant is engaged in the business of baking and selling cookies, and claimant was a distributor of these cookies. The appellant had sold him a truck to be used in distributing the cookies and was to deduct the purchase price from his weekly commissions. Claimant was assigned an established route by the appellant, although he might sell wherever he pleased in addition thereto. He was required to start out at a certain time on his route and to report back every evening. The manager frequently went around the route with him, giving him instructions. He could not sell competitive articles, and appellant's name was printed on the truck. The sales slips delivered to customers with the purchases were made out in the name of appellant, and claimant was designated thereon as a salesman. He was required to make a daily