Victor L. Anfuso, J.
In this action to foreclose various real estate mortgages the defendant Bradford Financial Corporation (hereinafter referred to as Bradford) moves for summary judgment upon its counterclaims and cross complaints and striking out the answer of the defendant Jacobson and Company, Inc.
The plaintiff Exchange Place Corporation (hereinafter referred to as Exchange) also moves for summary judgment.
The facts chronologically reveal that on November 28, 1961 the then owner of the subject premises executed its mortgage in the sum of $35,000 to Colonial Federal Savings and Loan Association (hereinafter referred to as Colonial), which mortgage was recorded on December 5, 1961.
*982 On April 20, 1962 the owner executed a further mortgage in the sum of $75,000 to Beaver Securities Co., Inc. (hereinafter referred to as Beaver), which mortgage was recorded on April 30, 1962. This mortgage contained the following provision: “ This mortgage is subject and subordinate to a first mortgage now on record of $35,000.00 held by the Colonial Federal Savings and Loan Association and to an additional building loan from said bank in a sum not exceeding $200,000.00 more with interest thereon to be recorded.” (Emphasis supplied.)
On June 19,1962 the owner executed a building loan mortgage in the sum of $191,800 to Bradford, which mortgage was recorded on July 2, 1962. This mortgage covered not only the disputed premises but also two other parcels owned by the mortgagor.
On June 20, 1962 Colonial assigned its $35,000 first mortgage to Bradford.
On August 27,1962 Beaver assigned its mortgage to Exchange and subsequently Exchange and the owner entered into an extension agreement dated March 11, 1963 but apparently executed on April 22,1963 modifying and extending their mortgage. As part of the transaction Exchange obtained the consent of Bradford to the extension and modification. The extension agreement contained the following provision: “ 19. The Mortgagee agrees to subordinate this mortgage to a permanent mortgage that may hereafter be placed upon the premises in an amount not to exceed the sum of $225,000.00, irrespective of the duration of same, at a rate of interest not exceeding six (6%) per cent per annum, provided, however, that such mortgage shall have been made by a savings bank, trust company, or insurance company doing business in the State of New York.” (Emphasis supplied.)
The parties contend and concede that no issues of fact are presented and the only question is one of law and that no issue is raised as to the rights of the parties to foreclose. It is further undisputed that the Colonial or first mortgage is superior to the plaintiff’s mortgage and the Bradford mortgage. It is also undisputed that there is no defense to Bradford’s right to foreclose on the other two parcels covered by the Bradford mortgage and that the work, labor, services and materials furnished by the defendant Jacobson and Company, Inc., and its lien came into existence after the recording of the various mortgages.
The sole question to be determined is that of priority of the mortgages, i.e., whether the mortgage made to Bradford on June 19,1962 is superior in lien to the mortgage made to Beaver on April -20, 1962 and assigned to the plaintiff Exchange on *983 August 27, 1962 and thereafter extended and modified by the plaintiff and the owner.
It cannot be denied that plaintiff’s mortgage was first in execution and recording and its provisions are clear and unequivocal. It was incumbent upon Bradford in making its mortgage search to examine the record carefully. A prospective mortgagee is chargeable with notice of every fact affecting the title which would be discovered by an examination of such title and any prior incumbrances which the mortgagee with reasonable prudence and diligence would become acquainted with. Here Bradford was put on notice of the restrictive subordination clause contained in plaintiff’s mortgage and the possible effect such restriction would have on any contemplated building loan.
As stated by the court in Thonemann v. Stein (259 App. Div. 27, 29, mot. for rearg. and lv. to app. den. 259 App. Div. 950, lv. to app. den. 284 N. Y. 822): “ for it is a well-settled rule of construction that the recording ‘ is notice of the mortgage to all subsequent purchasers and mortgagees, and they are chargeable with all the consequences of such notice.’ ” (See, also, Home Owners’ Loan Corp. v. Wood, 170 Misc. 74.)
The plaintiff assignor in subjecting itself to the subordination clause specified a particular bank with the apparent understanding that it was relying upon the practice and standards adopted by that institution in the handling of loans and was not content or willing to rely upon the whims, caprices and practices of financial companies or individuals whose approach to the enforcement of such mortgages might easily affect the subordinator’s interest. This assumption is clearly expressed by the very language of the subordination clause in the extension agreement. There again the plaintiff with apparent full knowledge of the existence of the Bradford building loan mortgage confined the subordination clause to “ a savings bank, trust company, or insurance company doing business in the State of New York.” It did not contemplate or contain any reference to either Bradford, any other financial lending companies or individuals, but restricted itself solely to the lending institutions specified.
In an analogous and comparable situation, where a prior mortgagee restricted its subordination clause which the lending institution failed to comply with, the court held: ‘ ‘ The purchase money mortgage was first in execution and in recording, its provisions are clear, fair and could easily have been met. The plaintiff cannot urge present equities as an excuse for past mistakes. The plaintiff and its predecessors in title ignored the *984 purchase money mortgage. Its existence and provisions must have been known or could easily have been ascertained at the time of the plaintiff’s investment. * * * In real estate transactions based on written documents the parties are held to their legal rights and the powers of a chancellor are not to be applied unless the transaction is ‘ unconscionable or oppressive.’ ” (Equitable Life Assur. Soc. of United States v. Britton Realty Corp., 37 N. Y. S. 2d 85, 86-87, affd. 266 App. Div. 952, rearg. den. 266 App. Div. 994.)
The letter and spirit of the first subordination clause was that Colonial was to be the lending institution. This was in existence before the buildings were erected and before Bradford advanced its funds. The second subordination clause in the extension agreement enforced the intent of the prior mortgagee. Bradford either willfully or carelessly ignored this recorded document.
Adopting Bradford’s contention that a subsequent modification agreement between a mortgagee and a mortgagor modifies the terms of the original mortgage with the same force and effect as if the terms of the modification agreement were originally incorporated in the mortgage (100 Eighth Ave. Corp. v. Morgenstern, 3 Misc 2d 410 and cases cited therein, mod. on other grounds, 4 A D 2d 754), the restrictive clause in the extension and modification agreement if deemed part of the original mortgage again was not adhered to, observed or followed by Bradford.
While the consent of a junior mortgage holder is not required to validate a modification of the terms of a prior mortgage (Schwartz v. Smith, 143 App. Div. 297, affd. 207 N. Y. 714), unless such modification adversely affects the rights of the junior lien holder (100 Eighth Ave. Corp. v. Morgenstern, supra; Barbano v. Central-Hudson Steamboat Co., 47 F. 2d 160; Empire Trust Co. v. Park-Lexington Corp., 243 App. Div. 315; Diamond v. Tau Holding Corp., 131 Misc. 446), the consent obtained by Exchange from Bradford disposes and vitiates any possible claim of harm to Bradford. The reliance by Bradford upon the title report and advice of its title company in inducing Bradford to give its consent cannot be chargeable to the plaintiff.
Bradford cannot now come into court and claim an equitable estoppel. Plaintiff in taking an assignment of the Beaver mortgage was justified in relying upon its terms. It did not in any way encourage Bradford to advance any moneys or make any statements upon which Bradford relied. Silence alone will not affect the right of the prior incumbrancer unless actual fraud, such as false representations or denial, upon inquiry or *985 deceptive silence when information is asked, is established. (Brinckerhoff v. Lansing, 4 Johns. Ch. 65.)
Under the circumstances the court finds that the Colonial mortgage held by Bradford is prior and superior to the plaintiff’s mortgage and the Bradford mortgage; that the plaintiff’s mortgage is prior and superior to the Bradford mortgage, and that all the mortgages are prior and superior to the mechanic’s lien filed by the defendant Jacobson and Company, Inc.
Motion for summary judgment granted to Bradford with respect to the Colonial mortgage; motion for summary judgment granted to the plaintiff on its mortgage as a second lienor and to the defendant Bradford as a third lienor. Defendant Bradford to proceed to judgment and sale in view of its calling in of such mortgage as expeditiously as possible on the Colonial mortgage. If such defendant does not so proceed diligently in its foreclosure the plaintiff may do so, if so advised. Defendant Bradford may proceed with this foreclosure with respect to the two parcels not involved in this proceeding.
Settle order on notice for the appointment of Keferees to compute.