Bebtbam Habnett, J.
On November 28,1961, Nat Levine and his wife Bhoda executed a mortgage to Albert Bergenfeld on premises located on Woodbine Avenue in Merrick, New York. The mortgage instrument was recorded in the Nassau County Clerk’s office on December 18, 1961. According to its terms, the principal sum of $10,000 and the interest thereon were to be due and payable on November 28, 1962. Simultaneously with the execution of the mortgage, the Levines signed a note in which they acknowledged receipt of the $10,000.
On February 5,1964, at which time none of the principal loan secured by the mortgage had been repaid, Bergenfeld and Nat Levine (but not Bhoda Levine) signed an agreement extending the time for payment of the loan to November 28,1966. Levine’s signature on the extension agreement was not notarized or acknowledged, and the document was never recorded.
An unrelated judgment against Nat Levine was docketed in the Nassau County Clerk’s office on January 24, 1968. In an ensuing Sheriff’s sale of the Merrick premises, a Sheriff’s deed to the premises was purchased by Midas Collections, Inc. (Midas) for $2,025. The Sheriff’s deed was dated April 28, 1969 and was recorded with the Nassau County Clerk on April 30, 1969. By virtue of that deed, Midas purchased “ all the estate, right, title and interest ” in the property held by Nat Levine.
Bergenfeld now seeks to foreclose the mortgage to the Levines. Although none of the other defendants have appeared in the action, Midas has appeared and raised the defenses that the $10,000 principal was never paid to the Levines and that the Statute of Limitations bars the foreclosure actions.
Bergenfeld testified that the sum of $10,000 was given to the Levines at the time the mortgage was executed in 1961. Midas has offered no proof on the point, and the court must therefore dismiss the defense of lack of consideration.
The second defense, relating to the bar of the Statute of Limitations, is a much more complex issue. In sum, Midas’ position is that it relied upon the record title at the time of the Sheriff’s sale in 1969, which showed an undischarged mortgage payable in 1962. Midas argues it was free to assume that the mortgage was no longer a lien on the premises since an action to foreclose it would have become time-barred on November 29, 1968. Bergenfeld asserts in response that he was given an extension of the mortgage by Nat Levine which also had the effect of extending the statutory time period to commence this action.
*667 An action upon a bond or note or upon a mortgage must be commenced within six years after the accrual of the cause of action. (CPLR 213, subd. 4.) The time period begins to run when the mortgagee is entitled to demand full payment. (Martin v. Stoddard, 127 N. Y. 61.) Midas is therefore correct that the public record of title on April 28,1969 was such that an examiner could reasonably conclude the mortgage was unenforceable by reason of lapse of time.
The issue then turns upon whether Midas was justified in its reliance on the public record of a seven-year-old undischarged mortgage.
It is the plain purpose of the recording statutes to give constructive notice of claimed interests in real property. (Security Discount Assoc. v. Lynmar Homes Corp., 13 A D 2d 389.) A subsequent claimant is chargeable with notice of all that the record reveals (Thonemann v. Stein, 259 App. Div. 27 ; Smith v. Pure Strain Farms Co., 180 App. Div. 703), but is chargeable with the contents of a mortgage only to the extent that it is set forth in the record. (38 N. Y. Jur., Mortgages and Deeds of Trust, § 86.) While the courts have recognized that rights under a recorded mortgage are superior to those asserted by a person claiming under a subsequent judgment (Adler v. Atlas Brick Corp., 257 App. Div. 876, affd. 283 N. Y. 64) the problem in this case is created by the fact that the public record indicated that those rights had lapsed when Midas acquired its interest.
Bergenfeld could have protected his interests by recording the mortgage extension agreement (Real Property Law, § 291) but failed to do so. By that failure, he took the risk that a subsequent purchaser of Nat Levine’s interest in the property would be unaware of the extension. Midas is such a purchaser for value without knowledge of the extension.
While the court finds that Bergenfeld has met the burden of proof upon him to establish the existence of the extension agreement (see U. S. Trust Co. v. Martindale Real Estate Co., 221 N. Y. 677 ; New York Life Ins. Co. v. Casey, 178 N. Y. 381), the fact remains that an innocent purchaser relying on the record title would not have known of it. It is settled law that an acknowledgment of a debt which has the effect of extending the Statute of Limitations is nevertheless ineffective against a subsequent purchaser for value who has no actual or constructive notice of the extension. (38 N. Y. Jur., Mortgages and Deeds of Trust, § 302.) The rule is the same if the extension agreement is viewed as a waiver of the time limitation. (See General Obligations Law, § 17-105, subd. 3, pars, a, b.)
*668 The issue of the validity of the extension is not before this court. It would have significance in an action between Bergenfeld and Levine in which Levine asserted the Statute of Limitations as a defense, or in an action by Levine to discharge the mortgage of record. However, unless it is recorded, the extension would be an invalid defense to Bergenfeld in an action or counterclaim brought by Midas to discharge the mortgage (Shohfi v. Shohfi, 303 N. Y. 370) or to compel determination of claims to real property. (See Real Property Actions and Proceedings Law, § 1523.) Bergenfeld may not assert the 1964 extension agreement against purchasers for value without notice, such as Midas, whose rights are subject only to the record state of ownership at the time they acquired their interest. Midas took title to Nat Levine’s interest free of the mortgage lien. Insofar as this action is against Midas, the complaint must be dismissed.
As to the other defendants, all of whom have defaulted, judgment will be granted as requested in the complaint against whatever interests those defendants may have in the property. While this leaves the anomalous situation where Bergenfeld owns Bhoda Levine’s interest and Midas owns Nat Levine’s interest, such a situation is not rare, and is compelled by the applicable legal rules and the circumstances of this case.