■ FLEET BANK OF NEW YORK, Formerly Known as NORSTAR BANK, N. A., and Formerly Known as SECURITY TRUST COMPANY, Appellant, v COUNTY OF MONROE INDUSTRIAL DEVELOPMENT AGENCY et al., Defendants, and MARJORIE G. LIEBSCHUTZ et al., Respondents, et al., Defendants. [637 NYS2d 870] —Order unanimously modified, on the law, and as modified affirmed, without costs, in accordance with the following Memorandum: Supreme Court properly denied plaintiff's motion for summary judgment but erred in granting defendants' cross motion for summary judgment dismissing the complaint.

A senior lienor may enter into an agreement with the mortgagor modifying the terms of the underlying note or mortgage without obtaining the consent of any junior lienors

*(see, Shultis v Woodstock Land Dev. Assocs.,* 188 AD2d 234, 236; *Empire Trust Co. v Park-Lexington Corp.,* 243 App Div 315, 321). If the senior lienor enters into such an agreement without obtaining that consent, and the agreement substantially impairs the security interest of the junior lienors or effectively destroys their equity, courts have divested the senior lienor of its priority and elevated the junior lienors to a position of superiority *(see, Shultis v Woodstock Land Dev. Assocs., supra,* at 236-237; *Empire Trust Co. v Park-Lexington Corp., supra).* Where, however, the actions of the senior lienor prejudice the junior lienors but do not substantially impair their security interest or destroy their equity, the senior lienor will be required to relinquish to the junior lienors its priority with respect to the modified terms only *(see, Shultis v Woodstock Land Dev. Assocs., supra,* at 236; *Skaneateles Sav. Bank v Herold,* 50 AD2d 85, *affd* 40 NY2d 999).

Contrary to the assertion of defendant junior lienors, plaintiff's modification of the terms of the bonds is not barred by the parties' subordination agreement. Likewise, because plaintiff's modification of the mortgage did not substantially impair the security interest of defendants or destroy their equity, they are not entitled to elevation of their lien over that of plaintiff. The record shows, however, that there is an issue of fact whether defendants were prejudiced to some extent by plaintiff's actions, in which case defendants would be entitled to priority with respect to the modified terms *(see generally, Shultis v Woodstock Land Dev. Assocs., supra,* at 236), and thus, plaintiff was not entitled to summary judgment.

We modify the order on appeal, therefore, by denying defendants' cross motion for summary judgment dismissing the complaint and reinstating the complaint. (Appeal from Order of Supreme Court, Monroe County, Rosenbloom, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.