■ PNC Bank, National Association, Respondent, v Joseph P. Campbell, Appellant, et al., Defendants. [38 NYS3d 236]—

In an action to foreclose a mortgage, the defendant Joseph P. Campbell appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered May 18, 2015, which denied his motion to dismiss the complaint pursuant to CPLR 3126 for failure to comply with certain discovery demands and granted the plaintiff's cross motion for summary judgment on the complaint and to appoint a referee to compute the amount due.

Ordered that the order is affirmed, with costs.

In 2010, the plaintiff commenced this action to foreclose a mortgage given in 2006 by the appellant to secure a note in the principal sum of $650,000. Following settlement conferences held pursuant to CPLR 3408, wherein Joseph P. Campbell (hereinafter the appellant), who is an attorney, appeared pro se, the action was released from the foreclosure settlement conference part without any resolution.

After the appellant moved unsuccessfully to dismiss the action pursuant to CPLR 3211 (a) or, in the alternative, for a good faith hearing (see CPLR 3408 [f]), the appellant served the plaintiff's counsel with a request for production of documents, and subsequently moved to dismiss the complaint pursuant to CPLR 3126 for failure to respond to discovery. In support of the motion, the appellant submitted his own affirmation, annexed to which were a demand letter and his affirmation of good faith. The plaintiff opposed the motion and cross-moved for summary judgment on the complaint and to appoint a referee to compute the amount due. The appellant then submitted a reply affirmation. The Supreme Court denied the appellant's motion and granted the plaintiff's cross motion. We affirm.

The Supreme Court providently exercised its discretion in denying the appellant's motion to dismiss the complaint pursuant to CPLR 3126. That statute provides that if any party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may make such orders with regard to the failure or refusal as are just," including dismissing the action (see CPLR 3126 [3]). Here, the appellant failed to demonstrate that the plaintiff's failure to fully comply with the discovery demand was willful (see CPLR 3126; Delarosa v Besser Co., 86 AD3d 588 [2011]; LOP Dev., LLC v ZHL Group, Inc., 78 AD3d 1020 [2010]). Furthermore, the plaintiff substantially, albeit tardily, complied by serving a response to the appellant's request for production of documents (see ACME ANC Corp. v Read, 55 AD3d 854 [2008]), and the appellant failed to demonstrate that the plaintiff's submissions in response to his discovery demands were otherwise inadequate (see Deer Park Assoc. v Town of Babylon, 121 AD3d 738 [2014]).

The Supreme Court also properly granted the plaintiff's cross motion for summary judgment on the complaint and to appoint a referee to compute the amount due. The plaintiff established its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and

evidence of default (*see Wells Fargo Bank, N.A. v Hallock*, 138 AD3d 735 [2016]). In opposition, the appellant failed to raise a triable issue of fact relating to any bona fide defense to foreclosure (*see Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]), including whether the plaintiff failed to negotiate in good faith (*see* CPLR 3408 [f]; *American Airlines Fed. Credit Union v Mohamed*, 117 AD3d 974 [2014]; *cf. Onewest Bank, FSB v Colace*, 130 AD3d 994 [2015]). Mastro, J.P., Hall, Sgroi and Barros, JJ., concur.