Nationstar Mtge. LLC v Torres (2021 NY Slip Op 01359)





Nationstar Mtge. LLC v Torres


2021 NY Slip Op 01359


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Shulman, JJ. 


Index No. 35278/13E Appeal No. 13304 Case No. 2020-02586 

[*1]Nationstar Mortgage LLC, Plaintiff-Respondent,
v
Ricardo Torres et al., Defendants, Adam Plotch, Defendant-Appellant.


Miller, Rosado & Algios, LLP, Garden City (Neil A. Miller of counsel), for appellant.
Sills Cummis & Gross P.C., New York (Jaimee L. Katz Sussner of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about November 20, 2019, which granted plaintiff's motion for summary judgment to the extent of dismissing all counterclaims and affirmative defenses, except for defendant's challenge as to plaintiff's standing to pursue foreclosure, unanimously affirmed, with costs.
In this residential foreclosure action involving a condominium property located at 1507 Metropolitan Avenue, unit # 2B, in the Bronx, the borrowers defaulted on their obligation to pay common charges associated with the condominium. As a result, a common charges lien was filed, and a foreclosure action was commenced against the borrowers. In April 2013, defendant Adam Plotch purchased the condominium, subject to plaintiff's mortgage lien. In August 2013, plaintiff commenced the instant foreclosure action, alleging that the borrowers defaulted under the terms of the note and mortgage. In opposition, Plotch raised 25 affirmative defenses, including that plaintiff lacked standing, that the mortgage was invalid because it contained an incorrect legal description of the premises, and that his interest in the property had priority.
Contrary to Plotch's argument, the motion court properly considered plaintiff's motion to the extent it sought to dismiss all defenses and counterclaims. Plotch does not contest the court's finding that plaintiff established its right to commence this foreclosure proceeding by showing its possession of the note and mortgage (see U.S. Bank N.A. v Richards, 155 AD3d 522, 523 [1st Dept 2017]), and hence, plaintiff's "pathway to the courthouse" was not blocked (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 812, cert denied 540 US 107 [2003]). However, because plaintiff failed to adduce actual copies of business records establishing delivery of the note to it on a date certain, the court correctly found that questions of fact preclude summary dismissal of Plotch's defense challenging plaintiff's standing to proceed with foreclosure. Nonetheless, this ruling did not foreclose the court from reaching the merits of plaintiff's challenges to Plotch's other affirmative defenses and counterclaims (see e.g. U.S. Bank N.A. v Gonzalez, 172 AD3d 1273, 1274-1275 [2d Dept 2019]).
The record contains overwhelming evidence consistently showing that the encumbered property is located at 1507 Metropolitan Avenue. A single discrepancy in the loan documents as to the address is not fatal to the validity of the mortgage (see Federal Deposit Ins. Corp. v Five Star Mgt., 258 AD2d 15, 22 [1st Dept 1999]). Further, Plotch fails to show how the modification agreement caused his interest to assume a priority over plaintiff's interest, which remained superior under Real Property Law § 339-z; see Commodore Factors Corp. v Deutsche Bank Natl. Trust Co., 189 AD3d 766 [2d Dept 2020]).
Finally, the court properly concluded that plaintiff demonstrated, through the affidavit of its document execution associate[*2], that the borrowers defaulted in payment (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [2d Dept 2019]).
We have considered the remaining arguments, and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021