U.S. Bank Trust, N.A. v Francis (2021 NY Slip Op 05655)





U.S. Bank Trust, N.A. v Francis


2021 NY Slip Op 05655


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Index No. 850192/18 Appeal No. 14380 Case No. 2020-02959 

[*1]U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, Plaintiff-Appellant,
v
Alston Francis, Defendant-Respondent, JPMorgan Chase Bank, N.A., et al., Defendants.


Cohn & Roth, LLC, Mineola (Kevin T. MacTiernan of counsel), for appellant.
Lanin Law P.C., New York (Scott L. Lanin of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 2, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to reargue, and, upon reargument, adhered to its prior decision denying plaintiff's motion for summary judgment and order of reference, unanimously affirmed, without costs.
"A plaintiff in a foreclosure action establishes standing by showing that it had either a written assignment or physical possession of the underlying note and mortgage prior to commencement" (Deutsch Bank Natl. Trust Co. v Guevara, 170 AD3d 603, 603 [1st Dept 2019]). Where a plaintiff cannot establish a written assignment prior to commencement, it must "adequately prove that it did, indeed, have possession of the note prior to commencement of this action . . . A conclusory statement in an affidavit will not suffice" when standing is raised as a defense (id. at 603-604 [internal quotation marks and brackets omitted]). Here, the affiant's bare claim that plaintiff "has been in continuous possession of the Note and Mortgage prior to referring the Loan to be foreclosed" is not sufficient to establish plaintiff's standing (see Nationstar Mtge. LLC v Torres, 192 AD3d 458, 459 [1st Dept 2021]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021