Bank of Am., N.A. v Castillo (2024 NY Slip Op 02513)

Bank of Am., N.A. v Castillo

2024 NY Slip Op 02513

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2019-11572
 (Index No. 609133/18)

[*1]Bank of America, N.A., etc., respondent,
v
Nelson E. Castillo, etc., et al., defendants, Windward Long, LLC, appellant.

Hasbani & Light, P.C., New York, NY (Rafi Hasbani of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Michael E. Blaine of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Windward Long, LLC, appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 29, 2019. The order, insofar as appealed from, granted the plaintiff's motion, inter alia, for summary judgment on the complaint, to strike that defendant's answer, and for an order of reference and denied that defendant's cross-motion pursuant to CPLR 3126 to strike the complaint insofar as asserted against it, or, in the alternative, pursuant to CPLR 3124 to compel the plaintiff to comply with certain discovery demands.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 28, 2007, the defendant Nelson E. Castillo (hereinafter the borrower) executed a note in the principal sum of $371,250 (hereinafter the senior note), which was secured by a mortgage on certain real property located in Hempstead (hereinafter the senior mortgage). On July 23, 2007, the borrower executed another note in the principal sum of $71,250 (hereinafter the junior note), which was also secured by a mortgage on the same property (hereinafter the junior mortgage). As relevant, the borrower entered into a modification of the senior note and the senior mortgage in 2014.
In 2016, nonparty Gustavia Home, LLC (hereinafter Gustavia), as assignee of the junior note and the junior mortgage, foreclosed the junior mortgage and purchased the property at a foreclosure sale. By referee's deed dated August 7, 2017, the property was conveyed to Gustavia's real estate holding company, the defendant Windward Long, LLC (hereinafter Windward), subject to the senior mortgage.
The plaintiff commenced this action in 2018 against the borrower and Windward, among others, to foreclose the senior mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint, to strike Windward's answer, and for an order of reference. Windward opposed the motion and cross-moved pursuant to CPLR 3126 to strike the complaint insofar as asserted against it based on the plaintiff's failure to comply with Windward's discovery demands, or, in the alternative, pursuant to CPLR 3124 to compel the plaintiff to comply with those discovery [*2]demands. The Supreme Court granted the plaintiff's motion and denied Windward's cross-motion. Windward appeals.
The Supreme Court properly denied Windward's cross-motion pursuant to CPLR 3126 to strike the complaint or, in the alternative, to compel the plaintiff to comply with certain discovery demands. "[CPLR 3126] provides that if any party 'refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed . . . the court may make such orders with regard to the failure or refusal as are just,' including dismissing the action" (PNC Bank, N.A. v Campbell, 142 AD3d 1148, 1149, quoting CPLR 3126). The "determination whether to strike a pleading . . . for failure to comply with court-ordered disclosure lies within the sound discretion of the court" (U.S. Bank N.A. v Hadar, 206 AD3d 688, 690 [internal quotation marks omitted]). "'However, the drastic remedy of striking a pleading . . . pursuant to CPLR 3126 should not be imposed absent a clear showing that the failure to comply with discovery demands or orders was willful and contumacious'" (id. at 690, quoting Kiernan v Booth Mem. Med. Ctr., 175 AD3d at 1399-1400).
Here, Windward failed to establish that the plaintiff's detailed responses to Windward's notice for discovery and inspection, and the corresponding documents produced in conjunction with those responses, amounted to a willful or contumacious failure to comply with discovery demands. Windward also failed to identify which of the plaintiff's responses were deficient or noncompliant in the first instance (see PNC Bank, N.A. v Campbell, 142 AD3d at 1149). Moreover, Windward "offered only speculation that additional discovery might reveal materials helpful to opposing the plaintiff's motion" (see Citimortgage, Inc. v Onua, 218 AD3d 528, 530), and the Supreme Court providently exercised its discretion in declining to compel further discovery.
The Supreme Court also properly granted the plaintiff's motion, inter alia, for summary judgment on the complaint, to strike Windward's answer, and for an order of reference. "Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default" (Bank of N.Y. Mellon v Swift, 213 AD3d 624, 625). "Where a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, the plaintiff must prove its standing as part of its prima facie showing that it is entitled to summary judgment" (Reich v 559 St. John's Pl, LLC, 204 AD3d 850, 851).
Here, "the plaintiff established, prima facie, that it had standing to foreclose by attaching a copy of the note endorsed in blank to the summons and complaint when the action was commenced" (Bank of N.Y. Mellon v Swift, 213 AD3d at 625; see Wilmington Sav. Fund Socy., FSB v Racer, 217 AD3d 730, 733), as well as an affidavit of one of its employees and an attached business record, which also established, prima facie, that the plaintiff had possession of the note, endorsed in blank, at the time of commencement of the action (see Bank of Am., N.A. v Nicolosi, 200 AD3d 1018, 1022). In opposition, Windward failed to raise a triable issue of fact. Although Windward requested inspection of the original "wet ink" note, the Supreme Court did not err in denying that request and awarding summary judgment under the circumstances (see JPMorgan Chase Bank, N.A. v Caliguri, 36 NY3d 953, 954).
Contrary to Windward's contention, it was not entitled to notice pursuant to RPAPL 1304 since it was not a party to the senior note and the senior mortgage (see U.S. Bank N.A. v Lloyd-Lewis, 205 AD3d 838, 839; Hartford Funding v Harris, 193 AD3d 1035, 1036). Similarly, Windward, which "is not a party to either the note or mortgage, lacks standing to raise as a defense to this action the plaintiff's alleged failure to serve a notice of default in accordance with the terms of the note and mortgage" (Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024).
The Supreme Court correctly concluded that the loan modification that occurred in 2014 did not serve to subordinate the senior mortgage to the junior mortgage. "A senior lienor may enter into an agreement with the mortgagor modifying the terms of the underlying note or mortgage without obtaining the consent of any junior lienors" (Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency, 224 AD2d 964, 964; see Shultis v Woodstock Land Dev. Assoc., 188 AD2d 234, 236). [*3]"If the senior lienor enters into such an agreement without obtaining that consent, and the agreement substantially impairs the security interest of the junior lienors or effectively destroys their equity, courts have divested the senior lienor of its priority and elevated the junior lienors to a position of superiority" (Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency, 224 AD2d at 965; see Shultis v Woodstock Land Dev. Assoc., 188 AD2d at 236). In considering whether a modification should cause a senior mortgage to become wholly or partially subordinate to a junior mortgage, courts look at the particulars of the modification (see In re White, 514 BR 365, 369 [Bankr ED NY]).
Here, Windward contends that the plaintiff's 2014 modification of the senior mortgage substantially impaired Windward's equity in the property. However, the loan modification documents indicated that the plaintiff did not advance additional funds to the borrower or otherwise impermissibly increase the principal balance in conjunction with that modification. Rather, the increase in the unpaid balance as reflected on the face of those documents was a product of the capitalization of certain arrears that were owed by the borrower. Moreover, the plaintiff ensured that the borrower did not pay interest on the capitalized arrears by segregating a significant amount of the new principal balance and expressly indicating in the modification document that the plaintiff would not assess interest on that amount and such would be the subject of a balloon payment at the end of the loan term. That segregated amount, upon which no interest was assessed, was greater than the amount of capitalized arrears. Windward's submissions thus failed to show that the 2014 loan modification caused it prejudice, injured its interest in the property, or otherwise allowed it to assume to any extent a priority over the plaintiff's interest (see Nationstar Mtge. LLC v Torres, 192 AD3d 458, 459; Commodore Factors Corp. v Deutsche Bank Natl. Trust Co., 189 AD3d 766; see also In re White, 514 BR at 369).
Windward's remaining contentions are without merit.
CONNOLLY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court