Nationstar Mtge., LLC v Dorsin (2020 NY Slip Op 01354)





Nationstar Mtge., LLC v Dorsin


2020 NY Slip Op 01354


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2017-07971
 (Index No. 711257/15)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Jean Dorsin, etc., appellant, et al., defendants.


Queens Legal Services, Jamaica, NY (Franklin Romeo of counsel), for appellant.
Shapiro DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jean Dorsin appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered June 5, 2017. The order, insofar as appealed from, upon a decision of the same court (Robert L. Nahman, J.) dated November 14, 2016, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, denied those branches of that defendant's cross motion which were for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred and for summary judgment on his counterclaims to cancel and discharge of record the mortgage pursuant to RPAPL 1501(4) and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jean Dorsin and for an order of reference are denied, and those branches of that defendant's cross motion which were for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred and for summary judgment on his counterclaims to cancel and discharge of record the mortgage pursuant to RPAPL 1501(4) and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282 are granted.
The defendant Jean Dorsin (hereinafter the defendant) executed certain notes in favor of GreenPoint Mortgage Funding, Inc. (hereinafter GreenPoint), and, securing those notes, a consolidated mortgage on residential property located in St. Albans. On April 23, 2009, GreenPoint commenced an action (hereinafter the 2009 action) against the defendant and others to foreclose the consolidated mortgage. By order dated February 25, 2015, the Supreme Court directed dismissal of the 2009 action without prejudice.
The consolidated mortgage was thereafter assigned to the plaintiff. On October 29, 2015, the plaintiff commenced this action against the defendant, among others, to foreclose the consolidated mortgage. The defendant interposed an amended answer asserting as an affirmative defense that the action was time-barred. The defendant also asserted counterclaims, inter alia, to [*2]cancel and discharge of record the mortgage pursuant to RPAPL 1501(4) and for an award of attorneys' fees and expenses pursuant to Real Property Law § 282.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him as time-barred and for summary judgment on the aforementioned counterclaims. In an order entered June 5, 2017, the Supreme Court, upon a decision dated November 14, 2016, granted the plaintiff's motion, denied the defendant's cross motion, and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Ditech Fin., LLC v Naidu, 175 AD3d 1387). Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986). Here, the mortgage debt was accelerated on April 23, 2009, when GreenPoint commenced the 2009 action and elected in the complaint to accelerate the debt (see Pennymac Corp. v McGlade, 176 AD3d 963, 965). The instant action was commenced on October 29, 2015, more than six years later.
Nevertheless, the plaintiff contends that the defendant's execution of a Home Affordable Modification Trial Period Plan (hereinafter the Plan) after commencement of the 2009 action, as well as payments made pursuant to that Plan, served to renew the running of the statute of limitations, thus making this action timely, as it was commenced less than six years after the Plan was executed and the payments made.
" General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt'" (Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947, quoting Lynford v Williams, 34 AD3d 761, 762). "The writing, in order to constitute an acknowledgment, must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521; see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 947). "In order to demonstrate that the statute of limitations has been renewed by a partial payment, it must be shown that the payment was accompanied by circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder'" (U.S. Bank N.A. v Martin, 144 AD3d 891, 892-893, quoting Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521; see General Obligations Law § 17-107; Petito v Piffath, 85 NY2d 1, 9).
Here, under the Plan, which the defendant admitted having executed, the defendant represented, among other things, that he was unable to afford his mortgage payments, and agreed to make three trial payments, at a reduced rate, over the course of three months. If the defendant complied, and his representations continued to be true, then the Plan provided that the defendant would be offered a permanent modification agreement. Modifications pursuant to the Home Affordable Mortgage Program can include interest rate reduction, principal forbearance, and principal forgiveness (see US Bank N.A. v Sarmiento, 121 AD3d 187, 198). In this case, the defendant made all of the trial payments but was not offered a permanent modification agreement.
Contrary to the plaintiff's contention, the Plan did not constitute an "unconditional and unqualified acknowledgment of [the] debt" sufficient to reset the statute of limitations (Hakim v Peckel Family Ltd. Partnership, 280 AD2d 645; see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 947). While the writing arguably acknowledged the existence of indebtedness, the defendant merely agreed to make three trial payments so as to receive a permanent modification offer. Any intention to repay the debt was conditioned on the parties reaching a permanent modification agreement, which condition did not occur. Under these circumstances, it cannot be said that the writing contained "nothing inconsistent with an intention on the part of the debtor to pay" the debt (Lew Morris Demolition Co. v Board. of Educ. of City of N.Y., 40 NY2d at 521; see [*3]Sotheby's, Inc. v Mao, 173 AD3d 72, 81; Hakim v Peckel Family Ltd. Partnership, 280 AD2d 645; National Westminster Bank USA v Petito, 202 AD2d 193, 195; Sichol v Crocker, 177 AD2d 842, 843; Flynn v Flynn, 175 AD2d 51, 52; cf. Bank of N.Y. Mellon v Bissessar, 172 AD3d 983, 985; U.S. Bank, N.A. v Kess, 159 AD3d 767, 768-769). Indeed, the defendant represented in the Plan that he was unable to afford the mortgage payments.
Similarly, contrary to the plaintiff's further contention and the Supreme Court's conclusion, the trial payments made pursuant to the Plan did not constitute an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise could be inferred to pay the remainder. Rather, the payments were made for the purpose of reaching an agreement to modify the terms of the parties' contract (cf. Petito v Piffath, 85 NY2d at 9; Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d at 521-522), and any promise to pay the remainder of the debt that could be inferred in such circumstances would merely be a promise conditioned upon the parties reaching a mutually satisfactory modification agreement (see U.S. Bank N.A. v Martin, 144 AD3d at 893). Just as an express conditional promise or acknowledgment does not serve to reset the statute of limitations, an implied conditional promise also does not have that effect. Although the Appellate Division, Third Department, held to the contrary in Wells Fargo Bank, N.A. v Grover (165 AD3d 1541), we disagree and decline to follow that holding.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and should have granted those branches of the defendant's cross motion which were for summary judgment dismissing the complaint insofar as asserted against him as time-barred and for summary judgment on his counterclaim to cancel and discharge of record the mortgage pursuant to RPAPL 1501(4) (see BH 263, LLC v Bayview Loan Servicing, LLC, 175 AD3d 1375, 1376; Bank of N.Y. Mellon v Bissessar, 172 AD3d at 985).
Lastly, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment on his counterclaim for an award of attorneys' fees and expenses pursuant to Real Property Law § 282 (see 21st Mtge. Corp. v Nweke, 165 AD3d 616, 619).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court