Bank of N.Y. Mellon v 11 Bayberry St., LLC (2020 NY Slip Op 05175)





Bank of N.Y. Mellon v 11 Bayberry St., LLC


2020 NY Slip Op 05175


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-01992
 (Index No. 51838/17)

[*1]Bank of New York Mellon, etc., appellant,
v
11 Bayberry Street, LLC, respondent, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for appellant.
Hilpert Law Offices, Croton-on-Hudson, NY (Jeffrey P. Rogan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated December 17, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendant 11 Bayberry Street, LLC, which were to dismiss the complaint insofar as asserted against it as time-barred and to cancel and discharge of record the subject mortgage, and thereupon, directed the Dutchess County Clerk to cancel the subject mortgage.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant 11 Bayberry Street, LLC, which was to cancel and discharge of record the subject mortgage and directing the Dutchess County Clerk to cancel the subject mortgage, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
We agree with the Supreme Court's determination granting that branch of the motion of the defendant 11 Bayberry Street, LLC, which was to dismiss the complaint insofar as asserted against it as time-barred (see 21st Mtge. Corp. v Balliraj, 177 AD3d 687, 689).
However, the Supreme Court should not have granted that branch of the motion which was to cancel and discharge the mortgage pursuant to RPAPL 1501(4), since that relief must be sought in an action or counterclaim and not by motion (see RPAPL 1501(4); Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1234-1235; see e.g. Nationstar Mtge,. LLC v Dorsin, 180 AD3d 1054, 1057).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court