Commodore Factors Corp. v Deutsche Bank Natl. Trust Co. (2020 NY Slip Op 07160)





Commodore Factors Corp. v Deutsche Bank Natl. Trust Co.


2020 NY Slip Op 07160


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-03212
 (Index No. 2212/15)

[*1]Commodore Factors Corp., appellant, 
v
Deutsche Bank National Trust Company, etc., respondent, et al., defendants.


Ruskin Moscou Faltischek, P.C., Uniondale, NY (Adam L. Browser and Jeffrey A. Wurst of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to Real Property Actions and Property Law § 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered January 12, 2018. The order granted the motion of the defendant Deutsche Bank National Trust Company for summary judgment dismissing the amended complaint insofar as asserted against it and, in effect, declaring that the plaintiff's mortgage did not have priority over the terms of that defendant's lien modification agreement, and denied the plaintiff's cross motion for summary judgment on the amended complaint insofar as asserted against that defendant and, in effect, declaring that its mortgage had priority over the terms of the lien modification agreement.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff's mortgage did not have priority over the terms of the lien modification agreement.
In June 2004, the defendants Alan Dinow and Carol R. Dinow (hereinafter together the borrowers) obtained a loan from Aames Funding Corporation, which was secured by a mortgage on their real property in Woodbury. The mortgage was thereafter assigned to the defendant Deutsche Bank National Trust Company (hereinafter Deutsche Bank). In September 2004, the borrowers obtained a loan from the plaintiff secured by a mortgage on the same property.
Following the borrowers' defaults on their payment obligations under both mortgage agreements, the plaintiff commenced an action to foreclose its mortgage in 2007, and Deutsche Bank commenced a foreclosure action in April 2008. In May 2010, the borrowers filed for bankruptcy under chapter 7 of the United States Bankruptcy Code (see 11 USC § 701 et seq.), triggering an automatic stay of the foreclosure actions. In August 2010, the borrowers' Chapter 7 bankruptcy proceedings terminated with a discharge of their debts. Both foreclosure actions were ultimately dismissed for lack of personal jurisdiction.
In 2012, the plaintiff commenced another foreclosure action against, among others, the borrowers. In February 2015, the borrowers entered into a lien modification agreement with [*2]Deutsche Bank. Subsequently, the plaintiff commenced this action against, inter alia, Deutsche Bank. The first cause of action in the amended complaint sought to cancel and discharge of record Deutsche Bank's mortgage on the subject property pursuant to RPAPL 1501(4) on the ground that the statute of limitations to foreclose that mortgage had expired. The second cause of action sought a judgment declaring that the plaintiff's mortgage had priority over the terms of the lien modification agreement.
Deutsche Bank moved for summary judgment dismissing the amended complaint insofar as asserted against it and, in effect, declaring that the plaintiff's mortgage did not have priority over the terms of the lien modification agreement. In support of its motion, Deutsche Bank argued, among other things, that, pursuant to General Obligations Law § 17-101, the lien modification agreement revived the statute of limitations period to foreclose on its mortgage. In addition, Deutsche Bank argued that there was no merit to the plaintiff's claim that its lien should now have priority over Deutsche Bank's lien, inasmuch as no new funds were extended to the borrowers pursuant to the lien modification agreement, and the agreement permitted substantial amounts of principal to be forgiven as timely payments were made. The plaintiff opposed Deutsche Bank's motion and cross-moved for summary judgment on the amended complaint insofar as asserted against Deutsche Bank and, in effect, declaring that its mortgage had priority over the terms of the lien modification agreement. In an order entered January 12, 2018, the Supreme Court granted Deutsche Bank's motion and denied the plaintiff's cross motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1055). Even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Nationstar Mtge., LLC v Dorsin, 180 AD3d at 1055; Bank of N.Y. Mellon v Craig, 169 AD3d 627, 628-629).
"General Obligations Law § 17-101 effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt" (Lynford v Williams, 34 AD3d 761, 762; see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 947). To constitute a valid acknowledgment, a "writing must be signed and recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (Sichol v Crocker, 177 AD2d 842, 843 [internal quotation marks omitted]; see Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 947; Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co., 164 AD3d 886, 888). 
Here, Deutsche Bank established its prima facie entitlement to judgment as a matter of law dismissing the first cause of action, which sought to cancel and discharge of record its mortgage on the subject property. Even assuming that the statute of limitations to foreclose on Deutsche Bank's mortgage would have expired sometime in 2014, Deutsche Bank demonstrated that the borrowers subsequently executed the lien modification agreement. That agreement provides, among other things, that "[e]ven though the [borrowers'] personal liability on the note is discharged, the terms of the [original] Lien Documents remain in effect," and the "Lien Holder continues to have an enforceable lien on the Property." In addition, the lien modification agreement provides that "[t]he Lien Documents, as modified by this Agreement, are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed." Thus, the borrowers explicitly acknowledged their obligation to pay the existing debt to Deutsche Bank, and the language of the lien modification agreement was sufficient to revive the statute of limitations period (see General Obligations Law § 17-101; Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie, 54 AD3d 813, 815; cf. Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 947; Karpa Realty Group, LLC v Deutsche Bank Natl. Trust Co., 164 AD3d at 888). 
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the lien modification agreement contains nothing inconsistent with the borrowers' intention to make the mortgage payments. Although the lien modification agreement indicates that the borrowers' personal liability for the obligation was released in bankruptcy, "[a] discharge in bankruptcy is a discharge from personal liability only and, without more, does not affect a lien" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 62).
Deutsche Bank also demonstrated its prima facie entitlement to judgment as a matter of law with respect to the second cause of action, which sought a judgment declaring that the plaintiff's mortgage has priority over the terms of the lien modification agreement. In support of its motion, Deutsche Bank established that the lien modification agreement, which did not extend new funds and resulted in a reduced interest rate, did not prejudice the rights of the plaintiff or impair its security interest (see Sperry Assocs. Fed. Credit Union v. U.S. Bank, N.A. [In re White], 514 BR 365, 369 [Bankr ED NY]; cf. Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency, 224 AD2d 964, 965; Shultis v Woodstock Land Dev. Assoc., 188 AD2d 234, 237). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting Deutsche Bank's motion for summary judgment, and denying the plaintiff's cross motion for summary judgment. Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff's mortgage did not have priority over the terms of the lien modification agreement (see Lanza v Wagner, 11 NY2d 317).
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court