Deutsche Bank Natl. Trust Co. v MacPherson (2021 NY Slip Op 06672)





Deutsche Bank Natl. Trust Co. v MacPherson


2021 NY Slip Op 06672


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2019-14310 
2019-14311
 (Index No. 614087/18)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Donald MacPherson, et al., defendants, Quantuck Farms Corp., appellant.


Irwin Popkin, Melville, NY, for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Schuyler B. Kraus and Han Sheng Beh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Quantuck Farms Corp. appeals from two orders of the Supreme Court, Suffolk County (Thomas Whelan, J.), both dated November 19, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer and affirmative defenses, and for an order of reference. The second order, insofar as appealed from, granted the same relief and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
On June 7, 2006, the defendant Donald MacPherson acquired the subject property from the defendant Quantuck Farms Corp. (hereinafter Quantuck Farms) for no consideration. On that same day, MacPherson borrowed $877,500 from the plaintiff's predecessor in interest. In exchange for the loan, he executed a note, which provided for repayment in monthly installments over the course of 30 years, and a mortgage on the subject property. Approximately three months later, on September 25, 2006, MacPherson transferred the property back to Quantuck Farms for no consideration.
In July 2018, the plaintiff commenced this action to foreclose the mortgage against MacPherson and Quantuck Farms, among others. In its answer, Quantuck Farms asserted certain affirmative defenses, including that the statute of limitations had expired because the plaintiff had commenced an action in 2009 to foreclose upon the same mortgage, therein had elected to call due the entire amount secured by the mortgage, and more than six years had passed (see CPLR 213[4]).
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Quantuck Farms, to strike Quantuck Farms's answer and affirmative defenses, and for an order of reference. In support of that branch of its motion which was to strike Quantuck Farms's affirmative defense that the statute of limitations had expired, the plaintiff submitted, among [*2]other things, a loan modification agreement signed by MacPherson on November 21, 2017. Therein, MacPherson acknowledged that $754,973.55 of principal was unpaid on the note and that he was or would be in default under the terms of the note. MacPherson promised to pay a new agreed-upon principal, which included the amounts and arrearages that were past due on the note at that time. The plaintiff argued that, by signing the loan modification agreement on November 21, 2017, MacPherson acknowledged the debt and re-started the statute of limitations in accordance with General Obligations Law § 17-101.
In opposition, Quantuck Farms argued that the loan modification agreement re-started the statute of limitations only as to MacPherson, not as to Quantuck Farms. In reply, the plaintiff argued, among other things, that Quantuck Farms was essentially an alter ego of MacPherson, who had signed a lease agreement on the subject property as president of Quantuck Farms, and that Quantuck Farms, as a non-signatory to the subject loan agreement, lacked standing to challenge which provisions of the agreement were applicable.
In an order dated November 19, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Quantuck Farms, to strike Quantuck Farms's answer and affirmative defenses, and for an order of reference. The court determined that Quantuck Farms lacked standing to assert a statute of limitations defense because it was a stranger to the mortgage transaction. In a second order, also dated November 19, 2019, the court, among other things, granted those same branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. Quantuck Farms appeals from both orders.
The Supreme Court erred in concluding that Quantuck had no standing to assert a statute of limitations defense. As the owner of the subject property at the time the action was commenced, Quantuck had standing to assert a statute of limitations defense (see U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483; cf. U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752; BH 263, LLC v Bayview Loan Servicing, LLC, 175 AD3d 1375, 1376).
Nonetheless, the subject branches of the plaintiff's motion were properly granted because, in support of that branch of its motion which was for summary judgment dismissing Quantuck Farms' affirmative defense that the statute of limitations had expired, the plaintiff established that the action was timely. General Obligations Law § 17-101 provides that "[a]n acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the [CPLR]." Section 17-101 "effectively revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt" (Lynford v Williams, 34 AD3d 761, 762; see Commodore Factors Corp. v Deutsche Bank Natl. Trust Co., 189 AD3d 766, 768; Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1056; Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d 945, 947). In order to constitute a valid acknowledgment, the writing "must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it" (Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521; see Commodore Factors Corp. v Deutsche Bank Natl. Trust Co., 189 AD3d at 768; Nationstar Mtge., LLC v Dorsin, 180 AD3d at 1056; Yadegar v Deutsche Bank Natl. Trust Co., 164 AD3d at 947).
Here, in opposition to the plaintiff's motion, Quantuck Farms did not dispute the applicability of General Obligations Law § 17-101 or that the loan modification agreement constituted a valid acknowledgment or promise by MacPherson sufficient to revive the statute of limitations for a foreclosure action (see Commodore Factors Corp. v Deutsche Bank Natl. Trust Co., 189 AD3d at 768; U.S. Bank, N.A. v Mandracchia, 188 AD3d 1285, 1288). Instead, Quantuck Farms argued that the loan modification agreement was insufficient to revive the statute of limitations on a foreclosure action against it. We note that Quantuck Farms has not disputed that the first foreclosure action was discontinued after MacPherson entered into the loan modification agreement. Quantuck Farms took ownership of the property, with no consideration, three months after it was encumbered by the subject mortgage and well before there was any default in the [*3]payment of the mortgage debt. Its interest in the property is subject to the mortgage. Contrary to Qantuck Farms' contention, under the circumstances, the acknowledgment of the debt and the promise to pay was effective to extend the statute of limitations on a foreclosure action against it as well as MacPherson (cf. General Obligations Law §§ 17-105[3][a][2]; 17-107[2][a][2]; Roth v Michelson, 55 NY2d 278, 282; HSBC Bank USA, N.A. v Macaulay, 187 AD3d 721, 722; U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1484).
Since the instant mortgage foreclosure action was commenced within six years of the loan modification agreement, the plaintiff demonstrated, prima facie, that the action is not time-barred. In opposition, Quantuck Farms failed to raise a triable issue of fact.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court