14 Fillm Corp. v Mid-Island Mtge. Corp. (2023 NY Slip Op 03759)

14 Fillm Corp. v Mid-Island Mtge. Corp.

2023 NY Slip Op 03759

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-05661
2021-01058
 (Index No. 500014/19)

[*1]14 Fillm Corp., respondent,
v
Mid-Island Mortgage Corp., appellant.

Locke Lord, LLP, New York, NY (Shawn A. Brenhouse and Casey B. Howard of counsel), for appellant.
Solomon Rosengarten, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 16, 2020, and (2) an amended judgment of the same court dated January 19, 2021. The order granted the plaintiff's motion for summary judgment on the amended complaint and dismissing the defendant's affirmative defenses, and denied the defendant's cross-motion for summary judgment dismissing the amended complaint. The amended judgment, upon the order, declared the plaintiff to be the owner in fee simple of the subject premises, and canceled and discharged of record the subject mortgage.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the amended judgment is reversed, on the law, the plaintiff's motion for summary judgment on the amended complaint and dismissing the defendant's affirmative defenses is denied, the defendant's cross-motion for summary judgment dismissing the amended complaint is granted, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501[a][1]).
On June 6, 2010, nonparty Pincus Frankel executed a note in the sum of $346,800 in favor of the defendant, Mid-Island Mortgage Corp. (hereinafter Mid-Island). The note was secured by a mortgage on certain real property located in Orange County. By deed dated November 18, 2010, Frankel transferred the subject property to the plaintiff, 14 Fillm Corp. (hereinafter 14 Fillm).
In December 2018, 14 Fillm commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage encumbering the property. 14 Fillm alleged, among [*2]other things, that Mid-Island had accelerated the underlying debt by the commencement of a foreclosure action in July 2012, and that enforcement of the mortgage was barred by the applicable six-year statute of limitations. 14 Fillm moved for summary judgment on the amended complaint and dismissing Mid-Island's affirmative defenses.
Mid-Island opposed the motion and cross-moved for summary judgment dismissing the amended complaint. Mid-Island contended that, in 2017, Frankel entered into a loan modification agreement, which constituted a reaffirmation of the mortgage debt under the General Obligations Law sufficient to restart the statute of limitations. In support of its cross-motion, Mid-Island submitted, among other things, a loan modification agreement signed by Frankel in June 2017, pursuant to which Frankel acknowledged that $344,042.94 of principal was unpaid on the note and promised to pay a new agreed-upon principal, which included amounts that were past due on the note at that time.
By order dated June 16, 2020, the Supreme Court granted 14 Fillm's motion for summary judgment on the amended complaint and to dismiss Mid-Island's affirmative defenses, and denied Mid-Island's cross-motion for summary judgment dismissing the amended complaint. In an amended judgment dated January 19, 2021, the court declared 14 Fillm to be the owner in fee simple of the property, and canceled and discharged the subject mortgage. Mid-Island appeals.
RPAPL 1501(4) provides, in pertinent part, that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance." Pursuant to General Obligations Law § 17-105, however, "a promise to pay the mortgage debt, if made after the accrual of a right of action to foreclose the mortgage . . . by the express terms of a writing signed by the party to be charged is effective . . . to make the time limited for commencement of the action run from the date of the . . . promise" (General Obligations Law § 17-105[1]; see Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc., 38 NY3d 467, 470-471). Here, Mid-Island's submissions in support of its cross-motion, including the loan modification agreement, were sufficient to demonstrate, prima facie, the existence of an express promise by Frankel to pay the mortgage debt (cf. Deutsche Bank Natl. Tr. Co. v MacPherson, 200 AD3d 647; Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc., 38 NY3d at 473-474). Contrary to 14 Fillm's contention, the reaffirmation of the debt and the promise to pay was effective to extend the statute of limitations on a foreclosure action against both 14 Fillm and Frankel (see Deutsche Bank Natl. Tr. Co. v MacPherson, 200 AD3d at 650; cf. General Obligations Law § 17-105[4]). In opposition, 14 Fillm failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied 14 Fillm's motion for summary judgment on the amended complaint and dismissing Mid-Island's affirmative defenses, and should have granted Mid-Island's cross-motion for summary judgment dismissing the amended complaint.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court