U.S. Bank N.A. v Steward (2023 NY Slip Op 04392)

U.S. Bank N.A. v Steward

2023 NY Slip Op 04392

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-06021
2021-06024
 (Index No. 606476/19)

[*1]U.S. Bank National Association, etc., respondent,
v
Jeanette Steward, et al., defendants, LJ Equities II, LLC, appellant.

Irwin Popkin, Melville, NY, for appellant.
Duane Morris, LLP, New York, NY (Brett L. Messinger of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant LJ Equities II, LLC, appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated July 9, 2021. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant LJ Equities II, LLC, and for an order of reference, and denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The second order, insofar as appealed from, granted the same relief to the plaintiff, struck that defendant's answer, affirmative defenses, and counterclaims, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the subject branches of the motion and the cross-motion in accordance herewith.
The plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Flanders. The defendant LJ Equities II, LLC (hereinafter LJ Equities), interposed an answer with an affirmative defense based upon the expiration of the statute of limitations and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage based upon the plaintiff's commencement of a prior foreclosure action in 2010 (hereinafter the 2010 action). The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against LJ Equities, and for an order of reference. LJ Equities opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against it, and for judgment on its counterclaim.
In an order dated July 9, 2021, the Supreme Court, inter alia, granted the plaintiff's motion and denied the cross-motion of LJ Equities. In a second order, also dated July 9, 2021, the court granted the same relief, struck the answer, affirmative defenses, and counterclaims of LJ Equities, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. LJ Equities appeals.
Here, contrary to the Supreme Court's determination, LJ Equities, as the owner of the subject property at the time that this action was commenced, had standing to assert a statute of limitations defense (see Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 945; Deutsche Bank Natl. Trust Co. v MacPherson, 200 AD3d 647, 649; U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483). On appeal, LJ Equities also contends that it established, prima facie, that the mortgage debt was accelerated when the plaintiff commenced the 2010 action, that LJ Equities further demonstrated that this action was commenced more than six years after the commencement of the 2010 action, and that, in opposition to its cross-motion, the plaintiff failed to raise a triable issue of fact as to whether this foreclosure action was timely commenced. However, the court never addressed these contentions, as well as similar contentions made in opposition to the plaintiff's motion, in light of its determination that LJ Equities lacked standing to raise the statute of limitations defense. Accordingly, this matter is remitted to the Supreme Court, Suffolk County, for a new determination of the subject branches of the motion and the cross-motion, at which time the court can consider these issues. We take no position as to the court's ultimate disposition of the subject branches of the motion and the cross-motion.
BARROS, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court