U.S. Bank N.A. v Bishu (2024 NY Slip Op 50390(U))

[*1]

U.S. Bank N.A. v Bishu

2024 NY Slip Op 50390(U)

Decided on April 5, 2024

Supreme Court, Queens County

Maldonado-Cruz, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 5, 2024
Supreme Court, Queens County

U.S. Bank National Association As Trustee For 
 Greenpoint Mortgage Funding Trust Mortgage Pass Through Certificates Series 2007-Ar3, Plaintiffs,

against
Mohanie Bishu, Mahendranauth G. Seerattun, Greenpoint Mortgage Funding, Inc, New York City Environmental Control Board, Discover Bank, Audrey I. Pheffer, IN HER CAPACITY AS QUEENS COUNTY CLERK, John Doe #1 Through John Doe #12 the last twelve names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint, Defendants.

Index No. 705689/2016

Jeremy D. Kaufman, Esq., for Plaintiff 
David J. Broderick, Esq., for the Defendant

Lumarie Maldonado-Cruz, J.

This matter was reassigned to the undersigned on or about October 17, 2023.
The following papers numbered E178-E184 and E186 read on this motion by Defendants, Mohanie Bishu and Mahendranauth G. Seerattun (hereinafter "Defendants"), for an order pursuant to Foreclosure Abuse Prevention Act (hereinafter "FAPA"), CPLR §§ 5015, 2221(e), 3211(a)(5), 213(4), 203(h) and 3217(e), vacating all orders and dismissing Plaintiff's action, and for any further and just relief that this Court deems appropriate. Plaintiffs opposed Defendants' motion.
PAPERS
NUMBERED
Defendants' Notice of Motion-Affirmation-Stipulation of Adjournment E179-E180
Plaintiffs' Affirmation in Opposition-Exhibits E181-E184
Defendants' Reply Affirmation E186
Upon the foregoing papers, it is ordered that Defendants' motion is DENIED in its [*2]entirety for the following reasons:
This case arises out of a series of foreclosure matters for the real property located at 92-24 175th Street, Jamaica, New York (hereinafter "the property"). On April 12, 2007, Defendants executed a note and mortgage in favor of the originating lender, GreenPoint Mortgage Funding, Inc., in the amount of $516,750.00. On August 12, 2009, the first foreclosure action was filed against the property under Index Number 21684/2009. The plaintiff, holder of the note at the time, then chose to voluntarily discontinue the action on September 25, 2013. On July 24, 2014, the second foreclosure action was filed for this property, under the same mortgage and note, under index number 705160/2014. On March 29, 2015, the Defendant signed a loan modification agreement for the aforementioned mortgage and note and began making payments pursuant to said loan agreement. On September 1, 2015, Defendants defaulted on their payments for the loan modification. On May 12, 2016, Plaintiff commenced the third, instant, foreclosure action for the property. Then, on May 20, 2016, Plaintiff voluntarily discontinued the second foreclosure action.
Defendants now move to vacate all prior orders and for dismissal of Plaintiff's action, based on, inter alia, the enacting of the Foreclosure Abuse Prevention Act in December 2022 (hereinafter "FAPA") and the expiration of the statute of limitations to bring a foreclosure action pursuant to CPLR §§ 213(4) and 3211(a)(5). Conversely, Plaintiffs contend that the Statute of Limitations had not expired when the instant action was commenced, and as such, FAPA and Defendants' additional arguments for vacatur of prior orders and dismissal of the action do not apply to this matter.
The Statute of Limitations in a foreclosure action is six (6) years. CPLR §213(4). The Statute of Limitations in a foreclosure action begins running on the first date of default in payment of the mortgage and separate causes of action accrue for each installment that is not paid. Wells Fargo Bank, NA. v. Cohen, 80 AD3d 753 (2nd Dept. 2011), Loiacono v. Goldberg, 240 AD2d 476, 477 (2nd Dept. 1997), Pagano v. Smith, 201 AD2d 632 (2nd Dept. 1994). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt." EMC Mtge. Corp. V Patella, 279 AD2d 604, 605 (2nd Dept. 2001), Lavin v. Elmakiss, 302 AD2d 638, 639 (3rd Dept. 2003), Zinker v. Makler, 298 AD2d 516 (2nd Dept. 2002). A mortgage is accelerated when, inter alia, the plaintiff lender in a foreclosure action elects in the complaint to call due the entire amount secured by the mortgage. See Ditech Fin., LLC v. Connors, 206 AD3d 694, 697, (2nd Dept. 2022); Ditech Fin. LLC v. Rapuzzi, 187 AD3d 715, 716 (2nd Dept. 2020) (holding "the complaint in a prior action to foreclose the instant mortgage exercised the lender's option to accelerate the loan").
FAPA, as enacted in December 2022, amended provisions within the CPLR, affecting a lender bank's ability to commence and voluntarily discontinue foreclosure actions within the Statute of Limitations. Namely, subsection (h) was added to CPLR § 203 and now prevents a party, once a cause of action has accrued, from being able to "unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute. (emphasis added). Additionally, subsection (e) of CPLR § 3217 now dictates that "[i]n any action on an instrument described under subdivision four of section two hundred thirteen of this chapter, the voluntary discontinuance of such an action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, [*3]postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute. (emphasis added). Simply put, now, once a lender commences a foreclosure action and the mortgage is accelerated by the fling of the complaint, the Statute of Limitations begins running from the filing of said complaint and cannot be paused by the voluntary discontinuance of that action. Further, the changes in legislation resulting from FAPA are retroactive in nature, do not violate the Due Process or Takings Clause of the Constitution, and are intended to be applied to all foreclosure matters currently pending. See Pennymac Corp. v. Erneste, 203 N.Y.S.3d 507 (Sup. Ct. Queens Co. December 6, 2023); Ditech Financial LLC v. Naidu, 82 Misc 3d 452 (Sup Ct. Queens Co. October 18, 2023); Deutsche Bank National Trust Company as Trustee for Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2006-HE5 v. Dagrin, 79 Misc 3d 393 (Sup. Ct. Queens Co. April 12, 2023). 
Here, Defendants argue that due to the retroactive nature of FAPA, the instant matter was filed after the expiration of the Statute of Limitations on August 12, 2015. Defendants contend that the Statute of Limitation began running on August 12, 2009, when the summons and complaint were filed in the first foreclosure action against the Defendants for their mortgage and note on the property because said complaint accelerated the mortgage by demanding that the principal balance of the mortgage was "due and owing."[FN1]

Plaintiff, however, contends that the Statute of Limitations had not yet expired when the instant matter was commenced on May 12, 2016, because their time to bring an action on the Defendants' mortgage was renewed when the Defendant signed the loan modification agreement on March 29, 2015, and began making payments according to said agreement. See Deutsche Bank National Trust Company v. MacPherson, 200 AD3d 647 (2nd Dept. 2021). In pertinent part, General Obligation Law § 17-101 provides that "[a]n acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions under the [CPLR]." As such, Gen. Ob. Law § 17- 101 "revives a time-barred claim when the debtor has signed a writing which validly acknowledges the debt." Commodore Factors Corp. v. Deutsche Bank Natl. Trust Co., 189 AD3d 766, 768 (2nd Dept. 2020). Here, Defendants signed the loan modification agreement before the Statute of Limitations would have expired pursuant to the filing of the first foreclosure action against the Defendants for their mortgage and note on the property. 
This Court finds that Defendants' argument that the loan modification agreement is invalid without merit. Defendants argue that the loan modification agreement is invalid because it was not endorsed by the Plaintiff. It is well established that to constitute a valid agreement, "the writing 'must recognize an existing debt and must contain nothing inconsistent with an intention on the part of the debtor to pay it.'" Deutsche Bank National Trust Company v. MacPherson at 650 (quoting Lew Morris Demolition Co. v. Board of Educ. of City of NY, 40 NY2d 515, 521 (1976)); See Commodore Factors Corp. at 768; Nationstar Mtge., LLC v. Dorsin, 180 AD3d 1054, 1056 (2nd Dept. 2020). Here, the loan modification was drafted by the [*4]lender bank, signed by Defendant Mohanie Bishu before a notary on March 29, 2015,[FN2]
and Defendants proceeded to make payments based on this agreement from the date of signature until September 1, 2015, when the Defendants defaulted on said agreement. It is evident, through their actions, that the Defendants intended to be bound by the loan modification agreement.
Thus, Plaintiff filed the instant matter well within the Statute of Limitations for a foreclosure action and Defendants arguments for vacating all orders and dismissing Plaintiff's action pursuant to FAPA and CPLR §§ 5015, 2221(e), 3211(a)(5), 213(4), 203(h) and 3217(e) are without merit.
Further, Defendant's argument for dismissal pursuant to RPAPL § 1301(3) is untimely and cannot be considered by the Court. Defendants raise this argument for the first time in their reply paperwork. "[T]he function of reply papers is to address arguments made in opposition to the position taken by the movant and not to permit the movant to introduce new arguments in support of, or new grounds or evidence for, the motion" Lee v. Law Offs. Of Kim & Bae, P.C., 161 AD3d 964, 966 (2nd Dept. 2018) (quoting USAA Fed. Sav. Bank v Calvin, 145 AD3d 704, 706 [2nd Dept. 2016]).
Any of the Defendants remaining contentions and arguments are either without merit or need not be addressed in light of the foregoing determinations.
Accordingly, it is hereby
ORDERED, that the Defendants' motion is DENIED in its entirety.
This constitutes the Decision and Order of the Court. 
Dated: April 5, 2024
Long Island City, NY
E N T E R
Hon. Lumarie Maldonado-Cruz, A.J.S.C.

Footnotes

Footnote 1:EF 159.

Footnote 2:EF 54.