Bank of N.Y. Mellon v Munet (2025 NY Slip Op 04759)

Bank of N.Y. Mellon v Munet

2025 NY Slip Op 04759

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-11147
 (Index No. 5198/14)

[*1]Bank of New York Mellon, etc., appellant, 
v
Pedro Munet, et al., defendants, National Equity Service Holdings, LLC, respondent.

McCalla Raymer Leibert Pierce, LLC, New York, NY (David Gantz and Adam Weiss of counsel), for appellant.
Cordova & Schwartzman, LLP, Garden City, NY (Jonathan B. Schwartzman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 6, 2023. The order granted the motion of the defendant National Equity Service Holdings, LLC, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On July 2, 2004, Autumn Equities, LLC, executed a note in the sum of $325,000 in favor of Northern Funding, LLC (hereinafter Northern Funding). The note was secured by a mortgage on certain real property located in Brooklyn (hereinafter the first mortgage). On September 14, 2004, Northern Funding assigned the note to Alliance Mortgage Banking Corp. (hereinafter Alliance Mortgage). On September 15, 2004, Pedro Munet and Altagracia Munet (hereinafter together the Munets) executed a note in the sum of $58,200 in favor of Alliance Mortgage, which was secured by a mortgage on the property. On the same date, the Munets executed a consolidation, extension, and modification agreement consolidating the mortgages into a single lien in the sum of $383,200 and a consolidated note. On October 28, 2004, Northern Funding filed a satisfaction of the first mortgage dated September 29, 2004, with the Office of the City Register of the City of New York. The Munets allegedly defaulted on the loan by failing to make the payment due on November 1, 2009, and all subsequent payments.
By deed dated June 26, 2013, National Equity Service Holdings, LLC (hereinafter National), obtained title to the property from the Munets. The deed was recorded on September 11, 2013. On April 7, 2014, the plaintiff commenced this action to foreclose the consolidated mortgage against, among others, the Munets but not against National. In the complaint, the plaintiff elected to accelerate the entire outstanding mortgage debt. A judgment of foreclosure and sale was entered on March 7, 2019. In November 2019, the property was sold at a foreclosure sale. In February 2020, the plaintiff became aware of National's interest in the property.
In an order dated November 16, 2022, the Supreme Court granted the plaintiff's [*2]motion, inter alia, to rescind the foreclosure sale, to vacate the judgment of foreclosure and sale, and for leave to add National as a defendant. In February 2023, the plaintiff filed an amended complaint naming National as a defendant. Thereafter, National moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. In an order dated June 6, 2023, the court granted National's motion. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Islandcap, LLC v Cohen, 230 AD3d 660, 661 [internal quotation marks omitted]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (id. [internal quotation marks omitted]; see Bayview Loan Servicing, LLC v Paniagua, 207 AD3d 691, 691-692; U.S. Bank N.A. v Vitolo, 182 AD3d 627, 627-628).
"An action to foreclose a mortgage is governed by a six-year statute of limitations" (Islandcap, LLC v Cohen, 230 AD3d at 661; see CPLR 213[4]; Green Tree Servicing, LLC v Weiss, 222 AD3d 626, 627). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (U.S. Bank N.A. v Unger, 230 AD3d 827, 828 [internal quotation marks omitted]; see Islandcap, LLC v Cohen, 230 AD3d at 661; BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782).
Here, the Munets allegedly defaulted on their obligations by failing to make the November 1, 2009 payment and all subsequent mortgage payments. Thereafter, on June 26, 2013, National acquired title to the property from the Munets through a deed. Then, in April 2014, the plaintiff commenced this action to foreclosure the consolidated mortgage, electing in the complaint to accelerate the debt for the Munets. However, the plaintiff failed to join National, which owned the property at the time, as a defendant. Although a party that is not an original party to a note or mortgage generally will lack "standing to assert a statute of limitations defense" (U.S. Bank Trust N.A. v Germoso, 216 AD3d 1046, 1047-1048; see John J. Kassner & Co. v City of New York, 46 NY2d 544, 550; BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d at 784), where, as here, National owned the property at the time the action was commenced, National, as the owner of the property, had standing to assert a statute of limitations defense (see U.S. Bank N.A. v Steward, 219 AD3d 862, 863; Bank of N.Y. Mellon v Conforti, 209 AD3d 942, 945; Deutsche Bank Natl. Trust Co. v MacPherson, 200 AD3d 647, 649). Therefore, National established, prima facie, that the statute of limitations had expired by submitting the original complaint, which served to accelerate the debt.
In opposition, the plaintiff failed to raise a question of fact. Contrary to the plaintiff's contention, the statute of limitations was not inapplicable on the ground that the plaintiff could have maintained an action to reforeclose against National. Pursuant to RPAPL 1503, "[w]hen real property has been sold pursuant to a judgment in an action to foreclose a mortgage . . . or has been conveyed to the mortgagee or the designee of such mortgagee by deed in lieu of foreclosure, and it appears from the public records or from the allegations of the complaint that such judgment, sale or conveyance was or may have been, for any reason, void or voidable as against any person, including an owner of the real property mortgaged, the purchaser or such mortgagee or designee, or the successor of any such person, in possession of such real property, may maintain an action as provided in this article to determine the right of any person to set aside such judgment, sale or conveyance or to enforce an equity of redemption or to recover possession of the property, or the right of any junior mortgagee to foreclose a mortgage" (emphasis added). Notably, "[s]uch action may be maintained even though an action against the defendant to foreclose the mortgage under which the judgment, sale or conveyance was made, or to extinguish a right of redemption, would be barred by the statutes of limitation" (id.; see McWhite v I & I Realty Group, LLC, 210 AD3d 1069, 1072).
Here, however, since the plaintiff was not "the purchaser" of the property, nor had the property been conveyed to the plaintiff or its designee by a deed in lieu of foreclosure, the plaintiff was unable to maintain an action to reforeclose against National (RPAPL 1503). In any [*3]event, the amended complaint did not assert a cause of action to reforeclose on the property against National.
Additionally, contrary to the plaintiff's contention, the plaintiff failed to establish that the relation-back doctrine applies here, since the plaintiff failed to establish that National was united in interest with any of the original defendants or that National knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been commenced against National as well (see Estate of Stengel v Good Samaritan Hosp., 214 AD3d 954, 955; Avila v Arsada Corp., 34 AD3d 609, 610; see generally Buran v Coupal, 87 NY2d 173, 178).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted National's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it.
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court